IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00215-CV

 

In the
Estate of Helen D. Wallace, Deceased

 

 



From the County Court at Law No.
1

Johnson County, Texas

Trial Court No. P200819721

 



ABATEMENT ORDER for mediation










 

            Appellants, Theresa Isenberger and Mary
Moriset, noted in their docketing statement that this proceeding should be
referred to mediation.

            The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005).  The policy behind
ADR is stated in the statute: “It is the policy of this state to encourage the
peaceable resolution of disputes . . . and the early settlement of pending
litigation through voluntary settlement procedures.”  Id. § 154.002
(Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory but
non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

            We find that this proceeding is
appropriate for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9. 
Accordingly, we order the parties to participate in mediation.  

            The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this
Order, appellants are ordered to file a notice with the Clerk of this Court
which either identifies the agreed-upon mediator or states that the parties are
unable to agree upon a mediator.  If the notice states that the parties are
unable to agree upon a mediator, this Court will assign a mediator.

            Mediation must occur within thirty
days after the date the above-referenced notice agreeing to a mediator is filed
or, if no mediator is agreed upon, within thirty days after the date of the
order assigning a mediator.

            No less than seven calendar days
before the first scheduled mediation session, each party must provide the
mediator and all other parties with an information sheet setting forth the
party’s positions about the issues that need to be resolved.  At or before the
first session, all parties must produce all information necessary for the
mediator to understand the issues presented.  The mediator may require any
party to supplement the information required by this Order.

            Named parties must be present during
the entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

            Immediately after mediation, the
mediator must advise this Court, in writing, only that the cases did or did not
settle, and the amount of the mediator’s fee paid by each party.  The
mediator’s fees will be taxed as costs.  Unless the mediator agrees to mediate
without fee, the mediator must negotiate a reasonable fee with the parties, and
each party must pay a proportionate share of the agreed-upon fee directly to
the mediator.

            Failure or refusal to attend the
mediation as scheduled and to actively participate therein may result in the
imposition of sanctions, as permitted by law.  

            Any objection to this Order must be
filed with this Court and served upon all parties within ten days after the
date of this Order, or it is waived.

            We
abate this proceeding for mediation. 

PER CURIAM

Before Chief Justice
Gray,

        Justice Reyna,
and

        Justice Davis

Order issued and filed July
22, 2009

Appeal abated for
mediation

Do
not publish






60;                                                                                   
   
      Jesse Edward Hancock was arrested and formally charged by an information with the
offense of keeping a gambling place. See Tex. Pen. Code Ann. § 47.04 (Vernon 1994). At a
pretrial hearing, Hancock urged that controlling statutes are unconstitutionally vague to give
him notice of this prohibited conduct. When the trial court agreed and dismissed the
information, the State appealed. Following a recent opinion of one of our sister courts, we
find that the trial court erred. We reverse the order dismissing the information and remand the
cause to the trial court for further proceedings.
BACKGROUND
      The information alleged that Hancock, in McLennan County, Texas, “did then and there
knowingly use a building as a gambling place, namely, a place used for playing 8-liners and
slot machines, and said property was owned by Jesse Edward Hancock the defendant. . . .” A
person commits this offense if he knowingly uses or permits another to use as a gambling place
any real estate, building, room, tent, vehicle, boat, or other property whatsoever owned by
him or under his control, or rents or lets any such property with a view or expectation that it
be so used. Id. § 47.04(a).
      A gambling place means any real estate, building, room, tent, vehicle, boat, or other
property whatsoever, one of the uses of which is: (1) the making or settling of bets; (2)
bookmaking; (3) the conducting of a lottery; or (4) the playing of gambling devices. See Tex.
Pen. Code Ann. § 47.01(3) (Vernon Supp. 2001).
      At the pretrial hearing, Hancock argued that because the information charged that his
“gambling place” was “a place used for playing 8-liners and slot machines,” the State
necessarily had to prove that the 8-liners and slot machines were “gambling devices.” 
However, according to Hancock, Penal Code section 47.01(4)(B)


, which defines a gambling
device, is unconstitutionally vague as applied to him. Id. § 47.01(4)(B). After the hearing, the
trial court signed a written order finding that “Section 47.01(4) and Section 47.04 of the Texas
Penal Code contain language that is too vague to [apprize] a Defendant of the conduct
proscribed therein, and that those sections of the Penal Code are therefore unconstitutional.” 
The State appealed. Tex. Code Crim. Proc. Ann. art. 44.01(a) (Vernon Supp. 2001).
DISCUSSIONThe Third Court of Appeals, in State v. Wofford, recently addressed whether section
47.01(4)(B) is constitutional, under circumstances similar to those presented in this appeal. 
State v. Wofford, 2000 WL 1752542, at *1 (Tex. App.—Austin Nov. 30, 2000, no pet. h.). 
The Austin court applied a two-pronged test for challenges for vagueness: (1) whether an
ordinary, law-abiding person receives sufficient information from the statute that his conduct
risks violating the criminal law; and (2) whether the statute in question provides sufficient
notice to law enforcement personnel to prevent arbitrary or discriminatory enforcement. Id. at
*5-8. The court determined that section 47.01(4)(B) is constitutional and remanded the causes
to the trial court. Id.
      We will follow Wofford. Thus, for the reasons stated by the Third Court of Appeals, we
hold that the trial court erred when it found section 47.01(4)(B) to be unconstitutionally vague. 
      Although it is not clear from the record, we perceive that the trial court’s ruling that
section 47.04 “contain[s] language that is too vague to [apprize] a Defendant of the conduct
proscribed therein” is based upon its belief that section 47.01(4)(B) is defective. The
information charged that Hancock’s “gambling place” was “a place used for playing 8-liners
and slot machines.” As a result, the State would have to prove that the 8-liners and slot
machines were “gambling devices.” See Tex. Pen. Code Ann. § 47.01(3). The trial court’s
ruling that 47.01(4)(B), which defines gambling devices, was unconstitutionally vague,
necessarily tainted section 47.04 as it applied to Hancock. On that basis, section 47.04 was
likewise held unconstitutional.
      The "constitutionality of a statute is not to be determined in any case, unless such a
determination is absolutely necessary to decide the case in which the issue is raised." Turner
v. State, 754 S.W.2d 668, 675 (Tex. Crim. App. 1988). For this reason, we decline to
address the propriety of the trial court’s ruling that section 47.04 “contains language that is too
vague.” Id.
      Because we agree with and follow an earlier ruling of the Third Court of Appeals that
section 47.01(4)(B) is not unconstitutionally vague as applied to the prosecution of “eight-liners,” we hold that the trial court erred in dismissing the information. We reverse the order
dismissing the information and remand the cause to the trial court for further proceedings.


                                                                                 PER CURIAM


Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Reversed and remanded
Opinion delivered and filed December 13, 2000
Publish